MR. JUSTICE GROVES
delivered the opinion of the Court.
This is a public censure addressed to the Attorney Respondent, Wallace McCamant II. A complaint was filed with, and a hearing held by, the Grievance Committee of this court, which committee submitted to us its *23 findings, conclusions and recommendations.
There was conflicting evidence as to some of the facts which we recite, and as to these we follow the findings of fact made by the committee.
On September 17, 1958 the respondent became, and has since continued to be, licensed to practice law in the state of Colorado. In 1971 the respondent moved to Paonia, Colorado and there commenced the general practice of law. He has continued to practice law there.
William R. Skvarch and his wife owned and operated a ranch in the Paonia area. They concluded to sell it and to move from the area. A sale was arranged for a price of $40,000, and the Skvarches had the respondent represent them with respect to the sale.
At one of the meetings attendant to the closing of the sale, the respondent mentioned to the Skvarches that he was contemplating the purchase of a building in Paonia and needed to borrow $4,000 to do so. He asked them if they would be interested in loaning him that sum and offered to give them a second deed of trust to secure the loan. The term of the obligation, as well as interest rates, were discussed at that time.
Thereafter, respondent purchased the building for $10,000 and borrowed $6,667 from the First National Bank of Paonia, secured by a first deed of trust. The Skvarches loaned respondent $4,000, and he executed and delivered to them a promissory note in that amount which stated that it was secured by a second deed of trust on the property involved. They understood from him that he would execute and record the second deed of trust. The respondent did not prepare or record any second deed of trust.
The Skvarches’ marriage was dissolved and Mr. Skvarch became the owner of the promissory note. The respondent did not pay the note at its maturity. Eventually, Mr. Skvarch engaged counsel and brought action for judgment and for a decree declaring that the indebtedness was secured by a second deed of trust and permitting foreclosure thereof.
After commencement of the action, these proceedings in discipline were instituted.
While restitution does not excuse misconduct, we mention that the respondent has now made full payment of the Skvarch indebtedness, including interest, court costs and attorneys fees.
The committee was divided in its recommendation as between suspension and public censure. We have concluded that the appropriate discipline is public censure.
DR 5-104 of the Code of Professional Responsibility adopted by this court in 1970 provides:
“A lawyer shall not enter into a business transaction with a client if they have differing interests therein and if the client expects the lawyer to exercise his professional judgment therein for the protection of the client, unless the client has consented after full disclosure.”
*24 You, Mr. McCamant, the attorney respondent here, were expected by the Skvarches to exercise your professional judgment for their protection. You not only entered into a business transaction with them in which there were differing interests, but you failed to exercise your professional judgment for their protection. Your actions were a serious breach of your duty as a lawyer, and your conduct was in violation of the highest standards of honesty, morality and justice which are required of lawyers. You are, therefore, publicly censured, Mr. McCamant. Some members of this court would suspend you from the practice of law as a result of your conduct.
It is ordered that you pay the costs incident to this proceeding in the amount of $285.48, payment thereof to be made to the Clerk of this Court within 30 days.